[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellee Peggy Turvey (who is the owner of defendant-appellee Cincinnati Dog Training School) was hired to train Katharine Rammacher's two German Shepard dogs, Jeager and Gunther, at Rammacher's home. After Turvey had been training the dogs for about one year, either Turvey or Rammacher suggested that it would be a good idea to socialize the dogs with the two McCartney children (Audrey and Molly), who lived across the street from Rammacher. It is undisputed that the purpose of the training sessions was to socialize the children with the dogs so the dogs would stop barking at the children.
 {¶ 3} Turvey began training the dogs with Audrey and Molly in the summer of 1997. On three occasions, Turvey trained each dog with each child separately. On October 27, 1997, after the last training session with the McCartney girls, Turvey, Rammacher, Rammacher's daughter, Sarah McCartney (Molly and Audrey's mother), and Molly were standing in Rammacher's yard. Rammacher was holding Jeager on a leash and Rammacher's daughter was holding Gunther. While everyone was outside, Audrey ran across the street into Rammacher's yard and fell by her mother, letting out a shout. Startled, Gunther bit Audrey.
 {¶ 4} Thereafter, Sarah and Paul McCartney sued, individually and on behalf of their daughters (Molly and Audrey), Rammacher, Turvey, and the Cincinnati Dog Training School for damages, including theories of strict liability, negligence, negligent infliction of emotion distress, intentional infliction of emotional distress, and loss of consortium. Plaintiff-appellee Cincinnati Insurance, as Rammacher's insured, settled the lawsuit and obtained a release on behalf of Rammacher, Turvey, and the Cincinnati Dog Training School.
 {¶ 5} Following the settlement, Cincinnati Insurance brought a lawsuit against Turvey and the Cincinnati Dog Training School for contribution or indemnity. In the complaint, Cincinnati Insurance alleged that Turvey had negligently trained Rammacher's dogs or, in the alternative, that Turvey had breached an oral contract with Rammacher when training the dogs with the McCartney children. Turvey and the Cincinnati Dog Training School filed a motion for summary judgment. The trial court granted the motion, but did not provide its reasons for doing so.
 {¶ 6} On appeal, Cincinnati Insurance presents one assignment of error, alleging that the trial court erred in granting summary judgment to the Cincinnati Dog Training School and Turvey. Cincinnati Insurance argues that the trial court erroneously granted summary judgment because, even though the dog-bite statute, R.C. 955.28, imposes strict liability on an owner, keeper, or harborer of the dog, the responsible party or its subrogee may maintain a legal action for either contribution or indemnity. In response, Turvey and the Cincinnati Dog Training School maintain that R.C. 955.28 establishes an absolute liability on the owner and that, even if the principles of contribution and indemnity applied here, Turvey did not breach her duty as a dog trainer and did not make an implied contract.
 {¶ 7} Under Civ.R. 56(C), an order granting summary judgment will be upheld where there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law and, with the evidence viewed most strongly in favor of the non-moving party, reasonable minds can only arrive at a conclusion adverse to that party.[1] Considering the record in a light most favorable to Cincinnati Insurance, we hold that Cincinnati Insurance failed to demonstrate a duty by Turvey or the Cincinnati Dog Training School.
 {¶ 8} R.C. 955.28(B) imposes strict liability on the dog's owner, keeper, or harborer for injury caused by the dog unless one of the exceptions enumerated in the statute is applicable. It is undisputed that Rammacher was, at the time, the owner of Gunther and strictly liable under R.C. 955.28 for the injury and damage caused by Gunther to Audrey. It is further undisputed that none of the exceptions under R.C. 955.28
applied. Thus, the question before us is whether the record demonstrates a material issue of fact concerning whether Cincinnati Insurance is entitled to indemnity or contribution for liability imposed under R.C.955.28.
 {¶ 9} The right of contribution is defined in R.C. 2307.31 as one arising where two or more parties are jointly and severally liable in tort for the same injury. Under R.C. 2307.31, contribution may be obtained from joint tortfeasors where one party has paid more than its proportionate share of liability.[2] Indemnity, however, arises from an implied contract and occurs where a person, by operation of law, has incurred liability without personal fault.[3] Thus, if the party seeking reimbursement contributed to the injury in some way, the contributing party may not seek indemnity, but may instead seek contribution as an appropriate recourse.[4]
 {¶ 10} It is uncontested that Rammacher's daughter was holding Gunther's leash at the time of the attack. It is further uncontested that Turvey's training session with the dogs and Audrey and Molly had come to an end when Gunther bit Audrey. Nothing in the record demonstrates that Turvey owed Rammacher a duty to insure that the dogs would not bite. Furthermore, Cincinnati Insurance failed to demonstrate by expert testimony or otherwise that Turvey and the Cincinnati Dog Training School acted outside industry standards such that Turvey's actions were negligent or constituted a breach of an oral contract. Thus, even when viewing the evidence in the light most favorable to Cincinnati Insurance, we hold that there are no genuine issues of material fact remaining and that the trial court did not err in granting summary judgment on this basis.
 {¶ 11} Cincinnati Insurance also argues that summary judgment was improperly granted because Turvey and the Cincinnati Dog Training School were not insureds covered by Rammacher's homeowner's insurance. In the motion for summary judgment, Turvey and the Cincinnati Dog Training School argued that if the court found them liable under the theory of contribution or indemnity, they were nevertheless protected from liability because they met the definition of "insureds" under Rammacher's homeowner's policy. Having already held that the trial court properly granted summary judgment to Turvey and the Cincinnati Dog Training School on a separate ground, we need not address this issue at this time.
 {¶ 12} Accordingly, we affirm the judgment of the trial court.
 {¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman and Winkler, JJ.
[1] See Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
[2] See Allstate Ins. Co. v. U.S. Assoc. Realty, Inc. (1983),11 Ohio App.3d 242, 247, 464 N.E.2d 169.
[3] See id.
[4] See id.